NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SANDY CRISTINA CACEROS, | No. 20-73024 |
| Petitioner, | Agency No. A078-022-637 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and BOLTON,** District Judge.

Sandy Caceros, a citizen of Guatemala, petitions for review of a decision of

the Board of Immigration Appeals (BIA) dismissing her appeal of an order of an

Immigration Judge (IJ) that denied her application for deferral of removal under the

Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

and deny the petition.

1. We review the BIA's decision for substantial evidence. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008). Caceros must establish that the evidence compels the conclusion she is "more likely than not to be tortured" in the country of removal due to a particularized threat of torture, inflicted by one acting with government approval or acquiescence, beyond that of which all citizens of the country of removal are at risk. *Id.* at 1051–52 (citation omitted). When, as here, "the BIA issues its own decision but relies in part on the [IJ]'s reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). "If the [BIA] rejects expert testimony, it must state in the record why the testimony was insufficient to establish the probability of torture." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (citation and quotation marks omitted).

Caceros arrived in the United States and suffered abuse as a child. She identifies as a lesbian woman, has multiple visible tattoos, and suffers from lupus, post-traumatic stress disorder, depression, and anxiety. Immigration officers commenced removal proceedings against her as a noncitizen convicted of an aggravated felony after Caceros was convicted of assault with a deadly weapon and attempted home invasion robbery.

Caceros has not been harmed in Guatemala, so her claim hinges on country conditions, which do not compel the conclusion that Caceros will more likely than

not suffer torture in Guatemala. Her expert testified that because public health facilities lack resources, Caceros should visit private healthcare facilities that would not want "people who scare other . . . paying customers in their waiting room." But this does not reflect the specific intent to torture her by denying her medical care. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008). Though the BIA acknowledged evidence detailing widespread violence and lack of legal protections for LGBT individuals, it also noted that LGBT support organizations exist in Guatemala and that an openly gay woman was recently elected to Congress. And while "the BIA must consider the risk of torture posed by conspicuous tattoos that display affiliation with a gang," it need not find that "any tattoos are enough to justify [CAT] relief." *Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015). Caceros's tattoos are not gang related, and tattoos, gang-related or not, are not mentioned in Caceros's country conditions evidence.

The BIA's statements that her expert witness's testimony was speculative adequately explain its decision not to adopt the expert's conclusions about the aggregate risk of torture. The BIA reasonably rejected the expert's conclusions that relied on a series of suppositions, such as that Caceros would be forced into sex work based on her tattoos and gender despite having some college education and Spanish language ability. To show that the BIA failed to adequately explain why it rejected her expert's conclusions, Caceros points to a USAID report not mentioned by the

BIA, describing how girls are targeted by gangs in Guatemala as sex slaves. This evidence does not compel the conclusion that public agents acquiesce in torturing women. As the IJ pointed out, the evidence showed that the Guatemalan government has made headway in combatting violence against women. Caceros does not identify other evidence that the BIA overlooked or how it failed to give reasoned consideration to expert testimony. "[W]e cannot overturn the agency's decision based on mere disagreement" where, as here, the BIA has considered all the evidence and found, as a reasonable factfinder could have, that the evidence supported an opinion contrary to expert opinion. *Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 439 (9th Cir. 2021).

Caceros alleges that the agency failed to consider the aggregate risk of torture from all sources. But stating that the IJ "must consider all evidence relevant to the likelihood of future torture" is sufficient if there is no indication that the IJ failed to give reasoned consideration to potentially dispositive evidence. *Benedicto v. Garland*, 12 F.4th 1049, 1065 (9th Cir. 2021). Here, the BIA stated that the IJ "properly considered the totality of the record evidence" and her "aggregate risk of torture in Guatemala based on [her] gender, sexual orientation, visible tattoos, mental health disorders, lupus, and status as having lived in the United States." Even if its decision analyzed the possibilities of torture separately, nothing compels the conclusion that the BIA failed to consider Caceros's circumstances cumulatively.

*See id.*

2.  The government initially submitted unpaginated documents to prove Caceros's removability, but several documents were uncertified or did not reference a case number. After Caceros moved to terminate proceedings for this reason, the government resubmitted the documents with a corrected certification form. Caceros argues that the improperly certified documents failed to establish her removability and should have been excluded. Even if the initial filings were problematic, the defects were not prejudicial, the corrected filings are independently sufficient to establish Caceros's removability, and the errors were harmless. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1107 n.3 (9th Cir. 2015).

**PETITION DENIED.**